gation is that the attorney demanded that an inspection be allowed the relator, not the relator and himself. The attorney adds that, in reply to this latter demand, the defendant, "in the presence of Mr. Charles W. Weston, said Gunst, and this deponent," stated that he had removed the stock book from the office of the company; that between the 6th and the 11th days of January, 1899, it had at all times been out of the office of the company; and that the defendant then and there refused to allow "said Gunst, the president of the company, to see said stock book." The denial here is that the defendant made the reply deposed to in the presence of Weston. It is not denied that he made it. The denial would be true, if the reply had been made in the presence of Gunst and the attorney. It is also denied that "during the times therein mentioned"—that is, during the interval between the 6th and the 11th of January—the defendant refused Gunst the inspection, but it is not denied that he "then and there" refused it. Nor is it denied that during the interval the stock book had at all times been out of the office of the company. Thus, there were at some points no denials at all, at others mere negatives pregnant, and at still others conjunctive denials, which were evasive and tendered immaterial issues. Under well-settled rules the allegation of a demand and refusal was therefore admitted. Kay v. Whittaker, 44 N. Y. 565; Young v. Catlett, 6 Duer, 439; Baker v. Bailey, 16 Barb. 54; Hopkins v. Everett, 6 How. Prac. 159.

The defendant's affirmative statements that at no time were any of the books kept away from the relator, and that they were open for his inspection at his choice, were mere conclusions. These statements do not weaken the legal effect of the admitted demand and refusal.

The order appealed from was right, and should be affirmed, with costs. All concur.

(38 App. Div. 2.)

FIRST NAT. BANK OF CITY OF BROOKLYN v. WRIGHT et al.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. NONJOINDER OF DEFENDANTS—PARTIES ENTITLED TO OBJECT—REVIVAL.
  Failure to revive a cause against the representatives of a deceased defendant is no ground for striking it from the special term calendar, where it was on issues raised by a demurrer by other defendants for nonjoinder of parties defendant, and such representatives were not necessary parties for the determination of the issues.

2. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PARTIES.
  Where a debtor conveyed his property to defraud creditors, and the grantee conveyed it to the debtor's wife, who died intestate, the debtor remaining in possession all the time, his representatives are not necessary parties to an action to set the conveyance aside after his death, since it was valid as against himself, and his relation to it, being merely that of a tenant by the curtesy in possession, ceased with his death.

Appeal from special term, New York county.

Action by the First National Bank of the City of Brooklyn against Alexander Wright and others. From an order striking the cause from the special term calendar, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Ira Leo Bamberger, for appellant.
Alfred Ely, for respondents.

PATTERSON, J. The order striking this case from the calendar of the court must be reversed. The cause was upon the special term calendar on the 17th of November, 1898. Issues of law raised by demurrer were involved. It was a creditor's action, brought against Alexander Wright and Annie E. Nelson, who had jointly and severally demurred to the complaint, and Isabella E. Riley, who had separately demurred; the ground of each demurrer being the same. It was alleged in the complaint that Alexander Wright, the judgment debtor, had been the owner of the real estate described in the complaint; that he had conveyed it to one James McKinley without consideration and fraudulently; that McKinley conveyed it without consideration to Eliza A. Wright, the wife of Alexander Wright; that Alexander Wright had continuously remained in possession and apparent ownership and enjoyment of the property; that prior to the commencement of the action Eliza Wright died intestate, leaving, her surviving, her husband, Alexander Wright, and two children, namely, Annie E. Nelson and Isabella E. Riley. The demurrers were upon the ground that it appeared upon the face of the complaint that there was a defect of parties, consisting in the nonjoinder of James McKinley and his wife. It is recited in the order appealed from that the cause had been on the day calendar of the special term, and adjourned from time to time until the day first above mentioned, when it was suggested that Alexander Wright had died in July, 1898, and thereupon, on motion, the cause was stricken, not only from the day calendar, but, as the order may be interpreted, from the general calendar of the court.

As the demurrers of the defendants Nelson and Riley were separate, and raised issues between those parties and the plaintiff, which could be disposed of irrespective of the presence or absence of Wright in the suit, the order was erroneous. Those separate demurrers simply went to the proper constitution of the suit as against the demurrants. The subject of the power to render a judgment upon the merits of the case without the heirs or personal representatives of Alexander Wright being before the court was not involved. Wright's conveyance, even if fraudulent as to creditors, was good as against himself. The title having been conveyed by McKinley to Mrs. Wright, and she having died intestate, it would seem that Alexander Wright's relation to the property was only that of a tenant by the curtesy in possession, which tenancy, of course, would cease with his death. On the naked allegations of the complaint, therefore, there was no reason why the issues of law on the separate demurrers should not have been heard and disposed of when the case was called on the day calendar. The order must be reversed, with costs, and the case restored to the calendar.

Order reversed, with $10 costs and disbursements, and the case restored to the calendar. All concur.